UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDITH FOLEY, on behalf of herself and all others similarly situated,<br><br>      Plaintiff(s),<br><br>    -against-<br><br>MEDICREDIT, INC.,<br><br>      Defendant(s). | Civil Case No.: 3:21-cv-19764<br><br>**CIVIL ACTION**<br><br>**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

EDITH FOLEY
3856 Nottingham Way
Trenton, New Jersey 08690

MEDICREDIT, INC.
5150 E. Pacific Coast Highway, Unit 570
Long Beach, California 90804

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, MEDICREDIT, INC. ("MEDICREDIT") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Mercer County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MEDICREDIT maintains a location at 5150 E. Pacific Coast Highway, Unit 570, Long Beach, California 90804.

8. MEDICREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MEDICREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Classes are initially defined as:

> CLASS A - All New Jersey consumers who were sent letters and/or notices from MEDICREDIT (See Exhibit A) which contained a return address of PO Box 1280, Oaks, Pennsylvania 19456-1280.
>
> CLASS B - All New Jersey consumers who were sent letters and/or notices from MEDICREDIT (See Exhibit A) which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons

(*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to May 4, 2021, Plaintiff allegedly incurred a financial obligation/debt to ST. MARY MEDICAL CENTER ("ST. MARY MEDICAL").

19. The ST. MARY MEDICAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the ST. MARY MEDICAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The ST. MARY MEDICAL obligation did not arise out of a transaction that was for non-personal use.

22. The ST. MARY MEDICAL obligation did not arise out of transactions that were for business use.

23. The ST. MARY MEDICAL obligation arose out of medical services and goods rendered.

24. The ST. MARY MEDICAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. ST. MARY MEDICAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or about May 4, 2021, ST. MARY MEDICAL or its agent referred the ST. MARY MEDICAL obligation to MEDICREDIT for the purpose of collection.

27. Defendant caused to be delivered to Plaintiff a letter dated May 4, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28. The May 4, 2021 letter was not actually mailed by Defendant to Plaintiff. Instead, Defendant transmitted Plaintiff's personal information to a third-party vendor, including but not limited information concerning Plaintiff's alleged status as a debtor, the name of the alleged creditor related to the debt, the amount of the debt, Plaintiff's residential address and other personal information related to the ST. MARY MEDICAL obligation.

29. After receiving Plaintiff's personal information, employees and/or agents of the third-party vendor viewed and processed Plaintiff's personal information and then caused the May 4, 2021 letter to be sent to Plaintiff.

30. The May 4, 2021 letter was sent to Plaintiff in connection with the collection of the ST. MARY MEDICAL obligation.

31. The May 4, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. Upon receipt, Plaintiff read the May 4, 2021 letter.

33. The May 4, 2021 letter contains a return mailing address of PO Box 1280, Oaks, Pennsylvania 19456-1280.

34. PO Box 1280, Oaks, Pennsylvania 19456-1280 is not owned, controlled or maintained by Defendant. Instead, PO Box 1280, Oaks, Pennsylvania 19456-1280 is owned, controlled or maintained by the third-party vendor that Defendant hired to send written communications to Plaintiff and others similarly situated and also to process incoming mail from Plaintiff and others similarly situated.

35. The May 4, 2021 letter provided the following information regarding the balance claimed due on the ST. MARY MEDICAL obligation:

> Balance    $857.80

36. On the front side of the May 4, 2021 letter, it stated in part:

> ****URGENT NOTICE****
>
> Our attempts to reach you by phone and mail have been unsuccessful. *It is your responsibility to call us.* Unless we hear from you within TEN days of the date of this letter, further collection activity may be required. [emphasis added].

37.   38.   Based on Defendant's letter, Plaintiff and others similarly situated understood and was lead to believe that they had a legal responsibility or were otherwise under some obligation to call Defendant.

38. Based on Defendant's letter, Plaintiff and others similarly situated understood and was lead to believe that they had a legal responsibility or were otherwise under some obligation to call Defendant within 10 days of the date of the May 4, 2021 letter.

39. Plaintiff and others similarly situated have no legal obligation to call Defendant.

40. Plaintiff and others similarly situated do not have a responsibility to call Defendant.

41. On the front side of the May 4, 2021 letter, it also stated in part:

There will be a $20 service charge on all returned checks.

42. There is no agreement between Plaintiff and ST. MARY MEDICAL expressly authorizing a $20 service charge on all returned checks.

43. Plaintiff never agreed to pay a $20 service charge on all returned checks regarding the ST. MARY MEDICAL obligation.

44. The May 4, 2021 letter also advised Plaintiff to "See Reverse For Important Information".

45. The least sophisticated consumer would reasonably infer that the reverse of the May 4, 2021 contained information that Plaintiff should pay attention to as it was important.

46. The following appeared across the top of the reverse side of the May 4, 2021 letter:

[Image of form: "IF ANY OF THE FOLLOWING HAS CHANGED SINCE YOUR LAST STATEMENT, PLEASE INDICATE...." with sections "ABOUT YOU:" (fields for Name, Address, City, State, Zip, Telephone, Marital Status (Separated, Single, Divorced, Married, Widowed), Employer's Name, Telephone, Employer's Address, City, State, Zip) and "ABOUT YOUR INSURANCE:" (fields for Primary Insurance Company's Name, Effective Date, Address, Phone, City, State, Zip, Policy Holder's ID Number, Group Plan Number, Secondary Insurance Company's Name, Effective, Address, Phone, City, State, Zip, Policy Holder's ID Number, Group Plan Number)]

47. No other information appeared above the above passage in the Defendant's May 4, 2021 letter.

48. No other information appeared below the above passage in the Defendant's May 4, 2021 letter.

49. Plaintiff was led to believe that it was important to provide Defendant with any updated information about her and her insurance.

50. Defendant intended to use any updated information provided by Plaintiff in aid of its collection attempts.

51. Defendant made its request for updated information under the guise of being "important information" that Plaintiff should provide.

52. Plaintiff had no obligation to provide any updated information to Defendant, including information that could aid Defendant in its collection attempts.

53. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

54. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

55. MEDICREDIT knew or should have known that its actions violated the FDCPA.

56. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

57. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Making or causing improper third-party communications.

   (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (d) Making a false representation of the character, amount or legal status of the debt; and

   (e) Using unfair or unconscionable means to collect or attempt to collect any debt.

58. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

59. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

60. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

61. As described herein, Defendants violated 15 U.S.C. § 1692c(b).

62. Defendants violated 15 U.S.C. § 1692c(b) by communicating with persons, in connection with the collection of any debt, not permitted by law.

63. Defendants violated 15 U.S.C. § 1692c(b) by publicly disclosing information about Plaintiff to others in connection with its attempt to collect the debt.

64. As described herein, Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(2)(B); §1692e(5); § 1692e(10); and §1692e(11).

65. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

66. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

67. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

68. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

69. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

70. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by asserting that Plaintiff was legally responsible for a $20 service charge on all returned checks.

71. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(B).

72. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(B) by asserting that Defendant was legally entitled to a $20 service charge on all returned checks.

73. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

74. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

75. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

77. As described herein, Defendants violated 15 U.S.C. § 1692e(11).

78. Defendants violated 15 U.S.C. § 1692e(11) by overshadowing and/or contradicting the protections provided by said section of the FDCPA.

79. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

  (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

  (b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 3, 2021        Respectfully submitted,

                By: *s/ Joseph K. Jones*
                   Joseph K. Jones, Esq. (JJ5509)
                   JONES, WOLF & KAPASI, LLC
                   375 Passaic Avenue
                   Fairfield, New Jersey 07004
                   Phone: (973) 227-5900
                   Fax: (973) 244-0019
                   *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 3, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

# EXHIBIT

# A

